Eastern District of Kentucky
**FILED**

JUL 1 4 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CRIMINAL ACTION NO. 06-14-KSF

UNITED STATES OF AMERICA     PLAINTIFF

V.     <u>PLEA AGREEMENT</u>

CHARLES G. HUNGLER, JR., and
PERFECT-A-WASTE SEWAGE EQUIPMENT COMPANY     DEFENDANTS

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant, individually, and on behalf of the Defendant company, will enter a guilty plea to the Count of the Indictment, charging a violation of 33 U.S.C. § 1319(c)(4), material false statement on report required to be filed under the provisions of the Clean Water Act.

2. The essential elements of the Count are:

    (a) First, the Defendant knowingly made or caused to be made a false written statements;

    (b) Second, the statements were made in a report required to be filed under the provisions of the Clean Water Act;

    (c) Third, the statements were material; and

    (d) Fourth, at the time the statements were made the Defendant knew them to be false.

3. As to the Count, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

The Defendant is the owner of Ridgelea Investments, Inc., and also owns and operates the Defendant company, Perfect-a-Waste Sewage Equipment Company. The Defendants operate the Edgewood Sewage Treatment Plant in Franklin County, within the Eastern District of Kentucky.

On or about July 28, 2005, Defendant Hungler, individually, and on behalf of the Defendant company, submitted a Discharge Monitoring Report (DMR) for the Edgewood Sewage Treatment Plant to the Kentucky Environment and Public Protection Cabinet in Frankfort, Kentucky. This DMR was required to be submitted by provisions of the Federal Clean Water Act.

The DMR submitted by the Defendant Hungler contained false material statements, to wit, false entries for the frequency he or his employees collected wastewater samples as required by the plant's operating permit. At the time the Defendant submitted the DMR, he knew the entries contained on the DMR were false. Specifically, the Defendant knew that the requisite number of wastewater samples had not been collected and that the results submitted on the DMR were not accurate based on the sampling procedures the Defendant was required to use.

4. The maximum statutory punishment is imprisonment for not more than 2 years, a fine of not more than $500,000, and a term of supervised release of not more than 1 year. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. The United States and the Defendants recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

   (a) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant Hungler's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendants will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendants waive the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

9. The Defendant, individually, and on behalf of the Defendant company, will cooperate fully with the United States in the investigation and prosecution of the matters in the Indictment and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false statements. If requested by the United States, the Defendant will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1. The determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States.

10. The Defendant, individually, and on behalf of the Defendant company, will comply with any orders, directives, or regulations issued by the Commonwealth of Kentucky regarding the proper operation and maintenance of the Edgewood Sewage Treatment plant, and other plants operated by the Defendant company.

11. The United States will recommend releasing the Defendant on the current bond for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

12. After pleading guilty, the Defendant, individually, and on behalf of the Defendant company, will make a full and complete financial disclosure to the United

States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

13. If the Defendants violate any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendants waive any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendants. The United States has not made any other promises to the Defendants.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. Defendant Hungler and his attorney acknowledge that the Defendant, individually, and on behalf of the Defendant company, understands this Agreement, that the Defendant's attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

Date: 7/14/06

By: AMUL R. THAPAR
UNITED STATES ATTORNEY

/s/ Robert M. Duncan, Jr.
Robert M. Duncan, Jr.
Assistant United States Attorney

Date: 7/14/06

_____
Charles G. Hungler, Jr.
Defendant, individually and on behalf of
the Defendant Perfect-A-Waste Sewage
Equipment Company

Date: 7/14/06

_____
John Kevin West
Attorney for Defendants

**APPROVED**, this 14th day of Jul, 2006.

_____
UNITED STATES DISTRICT JUDGE